TESSA P., a minor, by and through Denise P. her Guardian Ad Litem, Plaintiff—Appellant,

v.

GOLD TRAIL UNION SCHOOL DISTRICT; El Dorado County Office of Education, Defendants—Appellees.

No. 02–15253.

D.C. No. CV–00–02470–GGH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided Feb. 24, 2003.

Before TROTT, RYMER, and TALLMAN, Circuit Judges.

MEMORANDUM*

20 U.S.C. § 1412(a)(10)(C)(i) excuses a local educational agency from paying for the cost of education of a disabled child if "that agency made a free appropriate public education available to the child and the parents elected to place the child in [a] private school or facility." Tessa P. contends that both the Special Education Hearing Officer and district court erred by failing to examine whether Tessa P. was offered a free, appropriate public education ("FAPE") before examining whether she was voluntarily and unilaterally placed in private school.

In *Union School District v. Smith*, 15 F.3d 1519, 1525–26 (9th Cir.1994), we rejected the contention that a school district can escape its obligations to make a FAPE

---

available because parents express an unwillingness to accept the FAPE. We held that offering a FAPE requires a written, formal offer, and that this requirement "should be enforced rigorously." *Id.* at 1526.

Neither the Hearing Officer nor the district court analyzed whether any offer of a FAPE was made to Tessa P.'s parents. Under *Union,* this issue must first be considered before Tessa P. can be labeled as a unilaterally placed private-school student. We decline to conduct this analysis for the first time on appeal, and therefore reverse the judgment of the district court granting summary judgment for the Defendants and remand. Each party to bear its own costs.

REVERSED and REMANDED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.